UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:17-cr-003-T33-JSS
18 U.S.C. § 922(g)(1)
26 U.S.C. § 5861(d)

DAVID WILLIAM WEYDE

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about August 25, 2016, in the Middle District of Florida, the defendant,

**DAVID WILLIAM WEYDE,**

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. **Burglary of an unoccupied structure,** on or about July 31, 2009;

2. **Robbery by sudden snatching,** on or about January 7, 2011;

3. **Dealing in stolen property,** on or about January 17, 2013;

4. **Dealing in stolen property (2 Counts),** on or about April 16, 2015; and

5. **Grand Theft,** on or about April 16, 2015;

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Remington 12-guage shotgun.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

From an unknown date until in or about August 25, 2016, in the Middle District of Florida, the defendant,

**DAVID WILLIAM WEYDE,**

did knowingly possess a firearm as defined under 26 U.S.C. § 5845(a) and (d), specifically, a Remington 12-gauge shotgun with an overall length of less than 26 inches and a barrel length of less than 18 inches.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## FORFEITURE

1. The allegations contained in Counts One and Two are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872.

2. Upon conviction of the violation of 18 U.S.C. § 922(g) charged in Count One, the defendant, **DAVID WILLIAM WEYDE**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4. Upon conviction of the violation of 26 U.S.C. § 5861(d) charged in Count Two, the defendant, **DAVID WILLIAM WEYDE**, shall forfeit to

the United States, pursuant to 26 U.S.C. § 5872, all firearms involved in the commission of the offense.

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Natalie Hirt Adams
Assistant United States Attorney

By: _____
Christopher Murray
Assistant United States Attorney
Chief, Violent Crimes and Gangs Section

T:\_Cases\Criminal Cases\W\Weyde, David_2016R02644_NHA\f_Indictment_Weyde.docx

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

DAVID WILLIAM WEYDE

## INDICTMENT

Violations: Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)
Title 26, United States Code, Sections 5861(d) and 5871

A true bill,

_____
Foreperson

Filed in open court this 4th day of January, 2017.

_____
Clerk

Bail $_____

GPO 863 525

T:\..Cases\Criminal Cases\W\Weyde, David_2016R02644_NHA\f_Indictment Back.docx